IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JONATHAN R. HOOD, )
)
      **Plaintiff,** )
)
v. ) No. 12 C 10423
)
NATIONAL RAILROAD PASSENGER )
CORPORATION, )
)
      **Defendant.** )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant National Railroad Passenger Corporation's (Amtrak) bill of costs. For the reasons stated below, the bill of costs is granted in part and denied in part.

## BACKGROUND

Hood brought the instant action and included in his amended complaint a hostile work environment claim brought against Amtrak under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* (Count I), a Title VII race discrimination claim brought against Amtrak (Count II), a Title VII retaliation claim brought against Amtrak (Count III), a race discrimination claim brought against Amtrak pursuant to 42 U.S.C. § 1981 (Section 1981) (Count IV), a Section 1981

1

retaliation claim brought against Amtrak (Count V), a Section 1981 discrimination claim brought against Defendant Jesse Nunez (Nunez) (Count VI), state law intentional infliction of emotional distress claims brought against Amtrak and Nunez (Count VII), state law assault and battery claims brought against Amtrak and Nunez (Count VIII), and a state law tortious interference with employment expectations claim brought against Nunez (Count IX). On October 28, 2014, this court granted Amtrak's motion for summary judgment on the federal claims. The court also dismissed the Section 1981 claim brought against Nunez. Finally, the court dismissed the remaining state law claims without prejudice. Amtrak now moves to recover costs pursuant to Federal Rule of Civil Procedure 54(d) (Rule 54(d)).

## LEGAL STANDARD

Rule 54(d) provides that the prevailing party shall be allowed to recover costs other than attorneys' fees as a matter of course, unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (setting forth costs that are generally recoverable). The Seventh Circuit has made it clear that in reviewing a bill of costs, the district court should keep in mind that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). In addition to making sure that the requested costs are

recoverable, a district court must also ensure that the costs are reasonable and "necessary to the litigation. . . ." *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2008); *see also Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000)(referring to recoverable and reasonable considerations and to the "heavy presumption in favor of awarding costs").

## DISCUSSION

Amtrak requests an award of $24,483.57 for costs. Hood objects to the amount of costs sought by Amtrak, contending that Amtrak should only recover $3,426.98 in costs.

I. Subpoena Costs

Amtrak seeks to recover $406.50 in costs for service of three subpoenas. Hood argues that Amtrak should not be able to recover the $129.00 cost for service upon David T. Rallo (Rallo) because Rallo is one of the attorneys of record of Hood in this case. Hood contends that such subpoena was unnecessary. However, Amtrak has explained its necessity to obtain all available information relating to a conversation Rallo had with Hood's mother. Hood fails to explain in detail why the subpoena was unnecessary or cite any precedent to support his position that a subpoena was not necessary simply because Rallo was an attorney of record in this case. Thus, Amtrak can recover the costs relating to the subpoena issued to Rallo.

Hood also argues that Amtrak is limited to recovering subpoena costs of $55.00 per hour. *See Goldberg v. 401 North Wabash Venture LLC*, 2013 WL 4506071, at *1 (N.D. Ill. 2013)(stating that "[t]he fee for personal service of a subpoena by the U.S. Marshal's Service is $55 per hour 'plus travel costs and any other out-of-pocket expenses'")(quoting 28 CFR § 0.114(a)(3)). Hood contends that since the invoices submitted by Amtrak do not reflect the amount of time effectuating service of subpoenas, Amtrak is limited to the recovery of $55 for each of the three subpoenas. In its reply, Amtrak concedes that it may recover only a total of $165.00 for the three subpoenas. (Reply 2). The cost award will be adjusted accordingly. In regards to the $165.00 in costs for subpoenas, Amtrak has shown that the costs are recoverable and reasonable and has provided sufficient documentation for such costs.

## II. Deposition and Court Transcript Costs

Amtrak seeks to recover $5,516.30 for deposition and court transcript costs.

### A. Hood's Deposition Transcripts

Amtrak requests $1,546.30 for the deposition of Hood on February 18, 2014 (February 18 Deposition), and $515.10 for the conclusion of Hood's deposition on March 1, 2014 (March 1 Deposition). Hood contends that Amtrak has not provided sufficient documentation to determine whether the rates charged exceeded the

prescribed limits. *See Intellect Wireless, Inc. v. HTC Corporation*, 2015 WL 136142, at *9 (N.D. Ill. 2015)(stating that "[i]n accordance with Local Rule 54.1, attendance fees for the court reporters are limited to $110 for a half day and $220 for a full day"); *Holyfield-Cooper v. Board of Education of City of Chicago*, 2014 WL 3808933, at *1 (N.D. Ill. 2014)(stating that "according to the Judicial Conference of the United States and Local Rule 54.1(b), the maximum rate for standard delivery of a transcript is $3.65 per page").

Amtrak in its reply agrees not to seek costs for the February 18 Deposition relating to Real Time Feed and Streaming Text, and reduces the amount sought to $1,114.50. Amtrak also attaches to its reply more detailed invoices for the February 18 Deposition and March 1 Deposition. A review of the invoices shows that the charge per page of the transcripts is within the prescribed limits. As to attendance fees, the invoice for the February 18 Deposition reflects a $262.50 appearance fee. Amtrak has not explained the need to exceed the $220 full-day limit and the amount will be reduced to $220.00. As to the March 1 Deposition, the attendance fee falls within the prescribed limit. Thus, Amtrak will be awarded $1,103.00 for the February 18 Deposition ($826.50 Transcript + $56.50 Exhibits + $220.00 Appearance), and will be awarded $515.10 for the March 1 Deposition ($339.15 Transcript + $33.75 Exhibits + $158.00 Appearance - $15.80 Discount).

B. Other Deposition Transcripts

For the seven depositions other than Hood's deposition, Amtrak seeks to recover a total of $3,346.20 for transcripts ($527.35 (Prokop) + $540.60 (Nunez and Zeimetz) + $628.40 (Bumra) + $571.05 (Hitchcock) + $647.50 (Herdegen) + $431.30 (Sajdak)). For each of such deposition, the costs include a $15 fee charged for emailing the transcripts to Amtrak. Hood objects to the recovery of such costs. Amtrak does not oppose withdrawing the request for such costs. (Reply 2). Therefore, the total amount will be reduced by $105.00. Therefore, for above-referenced seven depositions, Amtrak is awarded $3,241.20.

### C. Transcripts of Court Proceedings

Amtrak seeks to recover $108.70 for transcripts of court proceedings. Hood objects to such costs, arguing that based on the prescribed per-page limits, Amtrak should be limited to a recovery of $51.10 for such costs. Amtrak agrees to limit its recovery for such costs to be reduced to $51.10. (Reply 3).

In regards to the total of $4,910.40 for deposition and court transcript costs ($1,103.00 (February 18 Deposition) + $515.10 (March 1 Deposition) + $3,241.20 (Other Depositions) + $51.10 (Court Proceedings)), Amtrak has shown that the costs are recoverable and reasonable and has provided sufficient documentation for such costs. Based on the above, Amtrak is awarded a total of $4,910.40 for deposition and court transcript costs.

III. Fees for Exemplification and Costs for Making Copies

Amtrak seeks to recover $18,560.77 for costs for exemplification and costs for making copies. Hood argues that the vast majority of the costs sought by Amtrak related to the creation of an electronic database and the maintenance of such database. In its reply, despite that Amtrak seeks such a significant sum for such costs, Amtrak fails to provide more than vague reasons for such costs. Amtrak argues generally that courts have allowed recovery for electronic discovery. Even in the declaration provided breaking down the costs, Amtrak states vaguely that such costs relate to "costs associated with data storage and hosting." (Fried. Decl. Par. 17-28). Also, since Amtrak has not sufficiently explained such costs, it cannot be assessed which costs if any fall into the category of exemplification costs or copying costs. While copying costs are ordinarily recoverable, Amtrak fails to specifically itemize such costs. Nor will the court sift through Amtrak's invoices and speculate as to such costs on Amtrak's behalf. It was Amtrak's burden to justify its requested costs. Amtrak has not provided sufficient information relating to the request for costs for exemplification and costs for making copies. Therefore, such request is denied. Amtrak is given until February 19, 2015, to file a motion for reconsideration together with supporting information. Hood is given until February 26, 2015, to file any objection to such motion for reconsideration.

Based on the above, Amtrak will be awarded a total of $5,075.40 in costs ($165.00 (Subpoenas) + $4,910.40 (Deposition and Court Transcripts)).

## CONCLUSION

7

Based on the foregoing analysis, Amtrak is awarded $5,075.40 in costs.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 4, 2015